UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 09-CV-02821 JRT/JJG

Sonam D. Phuntsok,

       Plaintiff,

v.

CSC Credit Services, Inc.;
Equifax Information Services, LLC;
Trans Union LLC;
Portfolio Recovery Associates, L.L.C.;
Millenium Credit Consultants;
Shawn Stuart; and
Hilco Receivables, LLC;

       Defendants.

**AMENDED COMPLAINT
WITH JURY TRIAL DEMAND**

**PRELIMINARY STATEMENT**

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports, failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information; and Defendants Portfolio Recovery Associates, L.L.C.'s, Millenium Credit Consultants', Shawn Stuart's, and Hilco Receivables, LLC's unfair debt collection practices.

**PARTIES**

2. Plaintiff Sonam D. Phuntsok is natural person who resides in the City of Columbia Heights, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant CSC Credit Services, Inc., ("CSC") is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

4. Defendant Equifax Information Services, LLC, ("Equifax"), is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

5. Defendant Trans Union LLC is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6. Defendant Portfolio Recovery Associates, L.L.C., ("PRA") does business in Minnesota, is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Millenium Credit Consultants ("MCC") does business in Minnesota, is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Shawn Stuart is a natural person employed by Defendant MCC, does business in Minnesota, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Hilco Receivables, LLC, ("Hilco") does business in Minnesota, is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

10. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

11. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12. Defendants confused Plaintiff with another person named Sonam Phuntsok.

13. Plaintiff and the other Sonam Phuntsok have the same first and last names.

14. Plaintiff's middle name is Dholpo.

15. The other Sonam Phuntsok has no middle name.

16. Plaintiff knows the other Sonam Phuntsok personally.

17. Plaintiff and the other Sonam Phuntsok came to the United States together from India.

18. Although Plaintiff and the other Sonam Phuntsok were living in India before they came to the United States, their families are Tibetan.

19. Sonam is a common first name among Tibetans.

20. Phuntsok is a common last name among Tibetans.

21. Plaintiff and the other Sonam Phuntsok are no relation.

22. Plaintiff and the other Sonam Phuntsok went to apply for social security numbers at the same time when they lived in Boise, Idaho.

23. Because they applied for social security numbers at the same time and in the same place, Plaintiff and the other Sonam Phuntsok have similar social security numbers.

24. Plaintiff and the other Sonam Phuntsok now both live in Minnesota.

25. There is a large Tibetan community in Minnesota.

26. Although Plaintiff and the other Sonam Phuntsok do not have a close relationship, they see each other every once in a while at gatherings of Tibetans in Minnesota.

27. Defendant PRA attempted to collect from Plaintiff on a debt allegedly owed originally to Capital One Bank ("the Capital One debt" or "the PRA account").

28. The Capital One debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

29. Plaintiff was not responsible for the Capital One debt.

30. Defendants Stuart and MCC attempted to collect from Plaintiff on a debt allegedly owed originally to TCF Bank ("the TCF debt" or "the MCC account").

31. The TCF debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

32. Plaintiff was not responsible for the TCF debt.

33. Defendant MCC communicated false credit information on Plaintiff to CSC and/or Equifax in connection with the collection of the TCF debt.

34. In a letter dated May 28, 2009, Defendant PRA indicated that the last four digits of the Social Security Number of the account holder for the Capital One debt were 4638.

35. The last four digits of Plaintiff's Social Security Number are not 4638.

36. Defendant PRA's May 28, 2009, letter falsely indicated that Sonam Phuntsok of Polk Street NE in Columbia Heights owed the Capital One debt.

37. In a telephone call to Plaintiff on or about June 19, 2009, Defendant MCC, through Defendant Shawn Stuart, attempted to collect the TCF debt from Plaintiff.

38. In the telephone call to Plaintiff on or about June 19, 2009, Defendant MCC, through Defendant Shawn Stuart, falsely indicated that Plaintiff owed the TCF debt.

39. In the telephone call on or about June 19, 2009, Plaintiff explained to Defendants MCC and Shawn Stuart that Plaintiff was not responsible for the TCF debt, that the last four digits of his social security number were not 4638, and that he believed he had been confused with another person with a similar name and social security number.

40. In the telephone call to Plaintiff on or about June 19, 2009, Defendant MCC, through Defendant Shawn Stuart, harassed, oppressed, and abused Plaintiff including by stating, "Everything you live with is a lie."

41. In a letter dated July 7, 2009, Plaintiff notified Defendant PRA that he refused to pay the Capital One debt and that he wished for PRA to cease further communications with him.

42. In his July 7, 2009, letter, Plaintiff explained to Defendant PRA that he was not responsible for the Capital One debt, that the last four digits of his social security number were not 4638, and that he believed he had been confused with another person with a similar name and social security number.

43. In his letter dated July 7, 2009, Plaintiff expressly stated that he did not believe that the other Sonam Phuntsok had used Plaintiff's personal identifying information or otherwise committed fraud.

44. Defendant PRA received Plaintiff's July 7, 2009, letter on July 10, 2009.

45. In a letter dated August 3, 2009, Defendant PRA stated, "The Disputes Department at Portfolio Recovery Associates ("PRA") understands that you wish to dispute this account because you have been a victim of identity theft or fraud."

46. Defendant PRA included with its August 3, 2009, letter a blank form entitled "Identity Theft Affidavit."

47. In a letter dated August 26, 2009, Defendant PRA indicated that because it had not received the requested documentation of identity theft from Plaintiff, it was terminating its dispute investigation and no longer treating the account as disputed.

48. In its August 26, 2009, letter, Defendant PRA threatened that its collection floor representatives would pursue Plaintiff for the alleged outstanding balance due.

49. Because Plaintiff had notified Defendant PRA in writing that Plaintiff refused to pay the debt and that he wished PRA to cease further communication with him, Defendant PRA could not legally have its collection floor representatives pursue Plaintiff for the alleged outstanding balance due.

50. In a letter dated September 5, 2009, Defendant PRA further communicated with Plaintiff with respect to the Capital One debt.

51. Defendant PRA's September 5, 2009, letter falsely indicated that Sonam Phuntsok of Polk Street NE in Columbia Heights owed the Capital One debt.

52. Hilco receivables communicated credit information in connection with the collection of a debt allegedly owed originally to Barclay's Bank Delaware ("the Barclay debt" or "the Hilco account").

53. The Barclay debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

54. Plaintiff was not responsible for the Barclay debt.

55. In or around early May 2009, Plaintiff disputed numerous false entries on his credit report – including a Hennepin County judgment, the PRA account, and the Hilco account – to Trans Union.

56. Trans Union notified PRA of Plaintiff's May 2009 dispute.

57. In the alternative, Trans Union failed to notify PRA of Plaintiff's May 2009 dispute.

58. Trans Union notified Hilco of Plaintiff's May 2009 dispute.

59. In the alternative, Trans Union failed to notify Hilco of Plaintiff's May 2009 dispute.

60. Plaintiff received investigation results from Trans Union dated May 28, 2009.

61. Trans Union's May 28, 2009, investigation results indicated that the PRA account had been verified as belonging to Plaintiff.

62. The indication that the PRA account belonged to Plaintiff was inaccurate.

63. Trans Union's May 28, 2009, investigation results indicated that the Hilco account had been verified as belonging to Plaintiff.

64. The indication that the Hilco account belonged to Plaintiff was inaccurate.

65. There was no indication in Plaintiff's May 28, 2009, Trans Union credit report that the Hilco account was disputed.

66. Trans Union's May 28, 2009, investigation results indicated that the Hennepin County judgment had been verified as belonging to Plaintiff.

67. The indication that the Hennepin County judgment belonged to Plaintiff was inaccurate.

68. On or around July 7, 2009, Plaintiff disputed numerous false entries on his credit report – including the Hennepin County judgment, the PRA account, and the Hilco account – to CSC, Equifax, and Trans Union.

69. Defendants CSC and Equifax share the same database.

70. CSC and Equifax are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

71. In his July 7, 2009, letter, Plaintiff explained:

> I believe I have been confused with another person with a similar name and social security number.  His first and last names, Sonam Phuntsok, are the same as mine, but he has no middle name.  My middle name is Dholpo.
> I know that there is another person named Sonam Phuntsok because I know him personally.  Sonam is a common first name and Phuntsok a common last name among Tibetans.
> …
> It is not surprising that we have similar social security numbers, because we went to apply for social security numbers at the same time in Boise, Idaho.  We now both happen to live in Minnesota, as there is a large Tibetan community in Minnesota.

72. In his July 7, 2009, letter, Plaintiff provided his own social security number and date of birth, and the social security number he believes belongs to the other Sonam Phuntsok.

73. In his July 7, 2009, letter, Plaintiff further stated:

> Although you may have investigated some of these items previously, I expect that you will do new investigations of each item because I am providing new information and documentation.
> …
> You are on notice that the other Sonam Phuntsok and I have similar names and SSNs.  I therefore expect that in addition to now removing the items from my credit report that are not mine, you will be careful in the future to avoid putting his credit items on my credit reports and vice versa.

74. With his July 7, 2009, letter, Plaintiff enclosed a copy of the collection letter from PRA showing the last four digits of the social security number different from his own.

75. CSC received Plaintiff's July 7, 2009, dispute.

76. Equifax received Plaintiff's July 7, 2009, dispute.

77. CSC and/or Equifax notified PRA of Plaintiff's July 7, 2009, dispute.

78. In the alternative, neither CSC nor Equifax notified PRA of Plaintiff's dispute.

79. Neither CSC nor Equifax provided PRA with the documentation Plaintiff had provided to CSC and Equifax.

80. Plaintiff received investigation results from CSC dated August 10, 2009.

81. CSC's August 10, 2009, investigation results indicated that the PRA account had been verified as belonging to Plaintiff.

82. CSC's August 10, 2009, investigation results indicated that the Hennepin County judgment had been verified as belonging to Plaintiff.

83. In addition to the items he had disputed, different items not belonging to Plaintiff, including the MCC account, newly appeared on Plaintiff's CSC/Equifax credit reports in 2009.

84. There was no indication in Plaintiff's August 10, 2009, CSC credit report that the MCC account was disputed.

85. CSC and Equifax furnished numerous consumer reports on Plaintiff to entities that had no permissible purpose for Plaintiff's consumer report, including without limitation Messerli & Kramer, P.A., and TCF Bank.

86. Trans Union Received Plaintiff's July 7, 2009, dispute.

87. Trans Union did not notify PRA of Plaintiff's July 7, 2009, dispute.

88. Trans Union did not notify Hilco of Plaintiff's July 7, 2009, dispute.

89. Plaintiff received a response from Trans Union dated July 14, 2009.

90. Trans Union's July 14, 2009, response indicated that Trans Union refused to remove the PRA account from Plaintiff's file.

91. Trans Union's July 14, 2009, response indicated that Trans Union refused to remove the Hilco account from Plaintiff's file.

92. Trans Union did not notify Plaintiff that it had determined that Plaintiff's dispute was frivolous or irrelevant.

93. Trans Union did not notify Plaintiff of the results of any reinvestigation of Plaintiff's dispute of the Hennepin County judgment.

94. Trans Union furnished numerous consumer reports on Plaintiff to entities that had no permissible purpose for Plaintiff's consumer report, including without limitation Barclay's Bank Delaware and Hilco.

95. Plaintiff made multiple disputes to CSC and/or Equifax and Trans Union of various items belonging to the other Sonam Phuntsok, including without limitation the disputes specified herein.

96. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, items belonging to the other Sonam Phuntsok were not appropriately deleted from Plaintiff's credit reports.

97. On or about August 10, 2009, Home Depot Credit Services denied Plaintiff's application for credit due at least in substantial part to the inaccurate information on Plaintiff's Equifax credit report.

98. On or about September 6, 2009, Discover Financial Services reduced the credit limit on Plaintiff's account due at least in substantial part to the inaccurate information on Plaintiff's Trans Union credit report.

99. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

## TRIAL BY JURY

100. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681b, 1681e(b), 1681i
### CSC, EQUIFAX, AND TRANS UNION

101. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

102. Defendants CSC, Equifax, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681b by furnishing consumer reports on Plaintiff to entities that had no permissible purpose for Plaintiff's consumer report.

103. Defendants CSC, Equifax, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

104. Defendants CSC, Equifax, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

105. As a result of CSC's, Equifax's, and Trans Union's violations of §§ 1681b, 1681e(b), and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

106. CSC's, Equifax's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

107. Plaintiff is entitled to recover costs and attorney's fees from Defendants CSC, Equifax, and Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)
## PRA, HILCO

108. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

109. Defendants PRA and Hilco willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

110. As a result of PRA's and Hilco's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

111. PRA's and Hilco's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

112. Plaintiff is entitled to recover costs and attorney's fees from Defendants PRA and Hilco pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692e, 1692e(8)
## PRA, HILCO, MCC

113. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

114. Defendants PRA's, Hilco's, and MCC's foregoing actions and omissions in connection with their attempts to collect the alleged debts violated 15 U.S.C. §§ 1692e and 1692e(8).

115. As a result of PRA's, Hilco's, and MCC's violations of §§ 1692e and 1692e(8), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

116. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendants PRA, Hilco, and MCC $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT IV:
## ADDITIONAL VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1)
## PRA

117. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

118. Defendant PRA's foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

119. As a result of PRA's violations of the FDCPA, Plaintiff has suffered actual damages including emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

120. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant PRA $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT V:
## CREDIT DEFAMATION
## ALL DEFENDANTS

121. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

122. Defendants' foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's credit reports, constitute credit defamation.

123. Defendants' foregoing actions and omissions were intentional and malicious.

124. As a result of Defendants' intentional and malicious credit defamation, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.

## COUNT VI:
## NEGLIGENCE
## ALL DEFENDANTS

125. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

126. Defendants' foregoing actions and omissions constitute breaches of Defendants' duties to Plaintiff.

127. Defendants' foregoing actions were intentional and malicious.

128. As a result of Defendants' intentional and malicious negligence, Plaintiff has suffered actual damages including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.

## COUNT VII:
## ADDITIONAL VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2), 1692e(7), 1692e(10), 1692f, 1692f(1)
## MCC, SHAWN STUART

129. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

130. Defendants MCC and Stuart's foregoing actions and omissions in connection with their attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2), 1692e(7), 1692e(10), 1692f, and 1692f(1).

131. As a result of MCC and Stuart's violations of the FDCPA, Plaintiff has suffered actual damages including emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

132. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendants MCC and Stuart $1,000 in statutory damages and reasonable attorney's fees and costs.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Statutory damages against PRA, Hilco, MCC, and Stuart pursuant to 15 U.S.C. § 1692k;

e.) Reasonable attorney's fees and costs against PRA, Hilco, MCC, and Stuart pursuant to 15 U.S.C. § 1692k; and

f.) Such other and further relief as may be just and proper.

| | |
|---|---|
| Dated:   12/7/09 | **GOOLSBY LAW OFFICE, LLC**<br><br>By:   s/John H. Goolsby<br>John H. Goolsby, #0320201<br>2021 East Hennepin Avenue, Suite 195<br>Minneapolis, MN 55413<br>Telephone:  (612) 331-8700<br>jgoolsby@goolsbylawoffice.com<br>**Attorney for Plaintiff** |

# **VERIFICATION OF AMENDED COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF HENNEPIN          )

I, Sonam D. Phuntsok, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Amended Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Amended Complaint.

5. I am bringing this civil Amended Complaint in good faith and solely for the purposes set forth in it.

                                                      s/Sonam D. Phuntsok
                                                        Sonam D. Phuntsok

Subscribed and sworn to before me

this 1st day of December, 2009.

      s/John H. Goolsby
Notary Public